UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| THOMAS BRIAN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-294 PS |
| | ) | |
| ST. JOSEPH COUNTY JAIL, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Thomas Brian Johnson, a *pro se* prisoner, filed this habeas corpus petition alleging that he has been convicted and sentenced twice for the same offense, both under state court cause number 71D01-0603-CM-02284.  He states that he "entered a plea agreement with the State of Indiana for a term of 6 months, with credit class 1 status, and 11 days jail time credit, and a release date of 4/6/07" on January 17, 2007.  (Pet. at 1.)  He further alleges that "[o]n May 23, 2007, this movant was caused to go before the same Judge that imposed the sentence on 1-17-07, only to be resentenced to the same cause of action . . . ." (*Id.*)

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts.  *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276.  Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings.  *Boerckel*, 526 U.S. at 845.  This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.  *Id*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

Here, Johnson does not say that he has appealed either of these convictions, nor that he has presented this double jeopardy claim to the Indiana Supreme Court.  Given that his "second" conviction occurred less than two months ago, it would be unreasonable to infer that Johnson has exhausted this claim in the state courts.  Until he has properly presented his claims to the Indiana Supreme Court, he has not exhausted his state remedies and he cannot proceed on this petition.

"[A] district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review."  *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).  Here, Johnson has not yet completed his direct appeal and therefore the one-year period of limitation imposed by 28 U.S.C. § 2244(d) has not yet begun to run.  Therefore, a stay is not necessary or appropriate in this case.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

§ 2254 HABEAS CORPUS RULE 4.

For the foregoing reasons, the Court **DISMISSES** this petition **WITHOUT PREJUDICE** because the claim has not been exhausted in state court.

**SO ORDERED**.

ENTERED: July 25, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT